[Cite as *McDougald v. Ohio Dept. of Rehab & Corr.*, 2017-Ohio-4412.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jerone McDougald, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 16AP-886 |
| | | (Ct. of Cl. No. 2016-469) |
| Ohio Department of Rehabilitation and Correction, | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on June 20, 2017

**On Brief:** *Jerone McDougald*, pro se.

**On Brief:** *Michael* DeWine, Attorney General, and *Emily Simmons Tapocsi*, for appellee.

APPEAL from the Court of Claims of Ohio

TYACK, P.J.

{¶ 1} Jerone McDougald is appealing from the dismissal of his lawsuit against the Ohio Department of Rehabilitation and Correction ("ODRC"). He assigns two errors for our consideration:

> [I.] The trial court erred by finding that plaintiff's negligent claims was constitutional claims and condition of confinement claims.
>
> [II.] The trial court erred by converting plaintiff's negligence claim into retaliation claims.

{¶ 2}  McDougald filed suit in the Court of Claims of Ohio alleging that on five occasions he did not receive proper meals from corrections officers who worked for ODRC.  McDougald couched his claims in terms of negligence but alleged that the denial of at least some of the meals was in retaliation for his pursuing complaints against corrections officers.

{¶ 3}  Retaliation claims would not involve a breach of a duty of care.  Therefore, retaliation claims are not negligence claims.  The retaliation claims were properly dismissed.

{¶ 4}  Some of the other claims seem to be vague as to any theory of negligence. McDougald says he was denied a dinner tray on August 12, 2015.  He says he did not get his full breakfast on January 10, 2016 but got only two milks.  He also alleges that he did not get his lunch in late December 2015 after returning from the dentist.

{¶ 5}  The complaint about getting only two milks does not state a claim in negligence without something more being alleged.  The same is true for a meal missed due to a dental appointment.  The simple claim of not receiving a meal in August 2015 does not state a claim.

{¶ 6}  We cannot say the trial court committed prejudicial error.  We, therefore, overrule the two assignments of error and affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

SADLER and BRUNNER, JJ., concur.

————————————